UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

RICK VANCE,

    Petitioner,

v.

ERIC D. WILSON, *Warden*,

    Respondent.

Civil Action No. 6:10-00300-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Rick Vance, confined in federal custody at the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ Docket No. 2].

As Vance has paid the $5.00 filing fee, the Court screens his petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1]

---

[1] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

Vance alleges that his federal conviction and sentence violate both the Due Process Clause of the Fifth Amendment of the United States Constitution and the Sixth Amendment of the United States Constitution, which guarantees effective assistance of counsel to criminal defendants. Because Vance has not shown either that his remedy under 28 U.S.C. § 2255 was inadequate and ineffective to challenge his conviction, or that he is actually innocent of the offenses to which he pleaded guilty, the respondent will not be required to file an answer or other pleading. The Court will deny Vance's § 2241 petition and dismiss this action with prejudice.

## CRIMINAL CONVICTION

On January 30, 1998, Vance entered a guilty plea in the United States District Court for the Eastern District of Pennsylvania to one count of car-jacking, in violation of 18 U.S.C. § 2119, and one count of carrying a firearm in relation to a violent crime, in violation of 18 U.S.C. § 924(c)(1). *United States v. Vance*, 2:97-CR-00625-AB (E.D. Pa.) ("the Trial Court").

On April 30, 1998, Vance was sentenced to two consecutive terms of ninety-six (96) months' imprisonment, a special assessment of $200, and three (3) years' supervised release. This resulted in a total imprisonment sentence of 192 months, which was a downward departure based on the United States' motion under section 5K1.1 and under 18 U.S.C. § 3553(e). Vance did not file a direct appeal of either his

conviction or sentence.

## POST-CONVICTION LITIGATION

Despite Vance's failure to appeal his conviction and sentence, he filed numerous motions in the Trial Court between 2000 and 2009 seeking post-judgment relief from his conviction and sentence. The motions are summarized below.

On October 30, 2000, Vance filed a motion to set aside his sentence under § 2255. On November 14, 2000, the Trial Court entered an Order providing Vance with the proper form for filing a § 2255 motion. In that Order, the Court specifically advised Vance of his options, which were: (1) that Vance could have his motion ruled upon as filed; (2) that the Trial Court could re-characterize his motion as a § 2255 motion and hear it as such, but that Vance would lose his ability to file successive petitions absent certification by the court of appeals; or (3) that Vance could withdraw his motion, and file one all-inclusive § 2255 petition within the one-year statutory period pursuant to Third Circuit case law. The Trial Court informed Vance that if he did not respond, within thirty days, it would decide his motion as filed.

In response, Vance filed a self-styled "motion for clarification" and other relief on November 29, 2000, and a motion for "status clarification" on January 18, 2001. On April 21, 2001, the Trial Court dismissed Vance's § 2255 motion without prejudice. On April 26, 2001, Vance appealed the dismissal of his original petition.

That appeal was dismissed for lack of jurisdiction on July 1, 2002.

On April 30, 2001, while Vance's appeal of the denial of his original § 2255 motion was still pending in the Third Circuit, Vance filed a second § 2255 motion (using the proper forms), in which he alleged that he had been denied effective assistance of counsel, that his plea had been unlawfully induced, and that he had been denied his right to a direct appeal. The government responded that Vance's motion was untimely and otherwise without merit. On June 6, 2005, the Trial Court denied Vance's second § 2255 motion and his request for a certificate of appealability.[2] On October 17, 2005, the Third Circuit Court of Appeals denied Vance's request for a certificate of appealability.

On December 18, 2006, Vance filed a motion seeking an adjustment of his sentence under 18 U.S.C. §3582(c)(2), and on January 9, 2007, he filed another §2255 motion. By Order dated January 15, 2009, the Trial Court dismissed Vance's successive § 2255 motion without prejudice to him seeking permission from the Third

---

[2] The Trial Court adopted the Report and Recommendation of the Magistrate Judge, *see United States v. Vance*, 2005 WL 697475 (March 23, 2005). The Magistrate Judge determined that Vance had ten days to file his appeal after his judgment of conviction was entered on April 30, 1998; that because Vance did not file an appeal, his conviction became final on May 11, 1998; that Vance was required to have filed a § 2255 motion on or before May 10, 1999; that both of Vance's § 2255 motions, dated October 30, 2000, and April 30, 2001, respectively, were untimely because they were filed almost two years after the one-year limitation period had expired; and finally, that no reason to toll the limitations period existed and Vance did not satisfy any of the exceptions to the period of limitations set forth in § 2255(2)-(4). *See United States v. Vance*, No. 97-CR-625, 2005 WL 697475, at *2 (E.D. Pa. March 23, 2005).

Circuit to file a second or successive motion under section 2255.

In that same Order, the Trial Court denied Vance's § 3582(c) motion on the merits. The Trial Court explained that the amendments to USSG 5G1.3, upon which Vance had relied, did not affect escape status, and that because the post-1997 changes to USSG 5G1.3 were not retroactive, they did not authorize modification of a sentence under § 3582(c). On January 21, 2009, the Trial Court entered an Order denying a series of other motions Vance had filed between 2006 and 2008 seeking miscellaneous forms of post-judgment relief.

On December 21, 2009, Vance filed a motion to correct the computation of his federal sentence, and the United States moved to dismiss. On January 11, 2010, the Trial Court denied the motion, finding that Vance was effectively challenging the manner in which his sentence was being executed. The Trial Court explained that under 28 U.S.C. § 2241, Vance had to bring that challenge in the judicial district where he was confined, which at that time was the Middle District of Pennsylvania.

### CLAIMS ASSERTED IN § 2241 PETITION

In his § 2241 petition, Vance asserts four claims. First, he alleges that his guilty plea was not knowing and voluntary because the Trial Court allowed him to plead guilty to "carrying" a firearm instead of "using and carrying" a firearm, as he had been charged in the Indictment. Vance argues that "use" and "carry" are two separate and

5

distinct actions and that each is comprised of its own essential elements. He alleges that when he pleaded guilty, the Trial Court was obligated to advise him that if he went to trial, the government would have to prove both that he "used" and "carried" a firearm, as was alleged in the indictment. Vance alleges that because the Trial Court failed to fully inform him that the government had to prove that he both "used" and "carried" a firearm, his guilty plea was based on an inadequate understanding of the facts and law, and was thus unknowing and unintelligent.

Second, Vance seeks to vacate his federal sentence in light of *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010). In *Almany*, the Sixth Circuit held that a defendant's consecutive sentencing to both a five-year mandatory minimum sentence for possession of a firearm in furtherance of a drug trafficking crime and a ten-year mandatory minimum sentence for a cocaine offense was prohibited. *Id*., 241-42.

Third, Vance alleges that four retroactively applicable cases, *Bailey v. United States*, 516 U.S. 137 (1995);[3] *Bousley v. United States*, 523 U.S. 614 (1998);[4]

---

[3] *Bailey* held that § 924(c)(1)'s ban on "use" of a firearm did not reach "mere possession" of a weapon. *See* 523 U.S. at 144.

[4] *Bousley* held that a first-time § 2255 petitioner could potentially proceed with a *Bailey*-based attack on his conviction absent a showing of cause and prejudice excusing his failure to make the challenge on direct review. *See* 523 U.S. at 623-624. The Court held that on remand, a § 2255 petitioner could challenge his plea as unintelligent and demonstrate "actual innocence," which it defined as "factual innocence, not mere legal insufficiency," upon showing that "he did not 'use'" a firearm as defined in *Bailey*." *Id*.

*Muscarello v. United States*, 524 U.S. 125 (1998);[5] and *Almany* establish that he is actually innocent of "carrying" a firearm under § 924(c). Accordingly, he contends that the savings clause of § 2255 applies and that he is entitled to relief from his conviction and sentence in this § 2241 proceeding.

Fourth, Vance alleges a Sixth Amendment challenge to his sentence by claiming that his counsel rendered ineffective assistance by failing to assert *Bailey*, *Bousley*, and *Muscarello* claims on his behalf at or before sentencing, and by failing to file a direct appeal of his conviction based upon those cases.

## DISCUSSION
### 1. 28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective

Vance is not entitled to relief under § 2241 because he fails to show that his remedy in the Trial Court under 28 U.S.C. § 2255 was inadequate or ineffective to challenge the legality of his detention. Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at

---

[5] *Muscarello* expanded the definition of the "carrying" prong of § 924(c) by holding that carrying a firearm is not limited to carrying it on one's person, but is instead knowingly possessing and conveying a firearm in a vehicle. *See* 524 U.S. at 127. In expanding the definition of "carrying a firearm," the Court broadly included the possession of a firearm in the trunk or glove compartment, even if not "readily accessible." *Id.*, 524 U.S. at 136-137.

7

or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010) (*citing Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)).

This rule has one exception: the "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (*quoting Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Because Vance's fourth argument (that the *Almany* decision provides a retroactive basis for relief under § 2241) can be dispensed of in short order, the Court will address that claim first. Vance filed the instant § 2241 petition on November 4, 2010. Eleven days later, on November 15, 2010, the Supreme Court abrogated the *Almany* decision. *See Abbott v. United States*, 562 U.S. ----, 131 S.Ct. 18 (2010). Because *Almany* is no longer good law, it does not afford Vance any relief.

The Court will address the remainder of Vance's arguments (that his guilty plea was unknowing and thus involuntary; that the other three cases he cited are retroactively applicable and establish his actual innocence; and that he was denied effective counsel) together, as they are intrinsically related to each other.

Vance was indicted on car-jacking and firearm charges in 1997 and was sentenced on April 30, 1998. Because Vance did not appeal either his conviction or his sentence, his conviction became final a year later, on May 10, 1999. *See* § 2255 (f)(1). The *Bailey* decision, which narrowed the definition of "use" of a firearm, was rendered in 1995. Vance therefore had, or should have had, the benefit of the 1995 *Bailey* decision prior to entering his plea, and he could or should have asserted any *Bailey* claims or concerns at or before sentencing.

*Bousley* was decided on May 18, 1998, three weeks after Vance pleaded guilty on April 30, 1998. *Muscarello* was decided on June 8, 1998, just over a month after Vance pleaded guilty. Therefore, Vance could have filed a timely § 2255 motion on or before May 10, 1999, asserting his *Bousley* and *Muscarello* Fifth Amendment claims <u>and</u> his related Sixth Amendment claims, but he did not do so. Accordingly, *Bailey*, *Bousley*, and *Muscarello* cannot be considered "retroactive" decisions which would implicate either the savings clause of § 2255 or relief under § 2241.

The remedy under § 2255 is not "inadequate and ineffective" where the prisoner

missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F.3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). It is available only to the rare habeas petitioner who can show that his § 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Vance cannot make that showing. Although Vance could have asserted his Fifth and Sixth Amendment claims in a timely § 2255 motion, he waited until October 30, 2000, to file his first § 2255 motion, and then filed his second § 2255 motion in April of 2001. As the Trial Court concluded, both motions were untimely because they were filed long after the one-year limitations period expired on May 10, 1999. The Third Circuit would not permit Vance to file successive § 2255 motions.

Section § 2241 is not a catch-all remedy to assert claims that could have been brought under §2255. *Charles*, 180 F.3d at 758. For that reason, Vance's § 2255 remedy was not inadequate nor ineffective to challenge his detention under the Fifth and Sixth Amendments; the savings clause of § 2255 is not implicated; and relief under § 2241 is unavailable.

## 2. No Showing of Actual Innocence

The only other circumstance under which § 2241 can be invoked through the savings clause of § 2255 arises when the movant alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Vance does not allege that after he was convicted, new facts or evidence surfaced suggesting that he is actually innocent of the car-jacking and firearm offenses to which he pleaded guilty. Vance also fails to show that after his conviction became final, the Supreme Court rendered a retroactively applicable decision determining that the conduct of which he convicted was no longer criminal. *See Bousley*, 523 U.S. at 620.

Again, although Vance could have filed a timely § 2255 motion in the Trial Court asserting all of the Fifth and Sixth Amendment claims he raises in this proceeding, he failed to do so. Because Vance filed his § 2255 motions long after the one-year limitation period expired on May 10, 1999, they were properly denied as

time-barred. Claiming actual innocence based on issues which could or should have been addressed at trial, on appeal, or through a motion to vacate, does not establish grounds for relief pursuant to § 2241. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence"). Accordingly, Vance does not assert a claim of actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

Finally, Vance's guilty plea refutes his claim that he is "actually innocent" of car-jacking and firearm offenses. A defendant's "informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)); *see also United States v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005). Vance has not established that his guilty plea was uninformed or involuntary.

Because Vance's § 2255 remedy was not inadequate or ineffective to challenge his conviction, and because he has not shown that he is actually innocent of the car-jacking and firearm offenses, Vance can not invoke the savings clause of § 2255. His § 2241 petition will be denied and this action will be dismissed, with prejudice.

**CONCLUSION**

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Rick Vance's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Docket No. 2], is **DENIED**;

(2) This action will be **DISMISSED**, *sua sponte*, with prejudice from the docket of the Court; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This February 14, 2011.

Signed By:
Henry R Wilhoit Jr.
United States District Judge