UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| RICK VANCE, | |
|---|---|
| Petitioner, | Civil Action No. 6:10-00300-HRW |
| v. | |
| ERIC D. WILSON, *Warden*, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Rick Vance, confined in federal custody at the United States Penitentiary-McCreary located in Pine Knot, Kentucky, has filed a motion asking the Court to seal the record of this proceeding. [D. E. No. 6]. For the reasons set forth below, the Court will deny Vance's motion.

## BACKGROUND

On November 4, 2010, Vance filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 2]. On February 14, 2011, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") and Judgment, denying Vance's § 2241 petition and dismissing this action, with prejudice . [D. E. Nos 4 & 5]. In the Opinion and Order, the Court cited from and referred to numerous motions, pleadings, and Orders entered in the United States District Court for the

Eastern District of Pennsylvania, where Vance was convicted in 1998 of one count of car-jacking, 18 U.S.C. § 2119, and one count of carrying a firearm in relation to a violent crime, 18 U.S.C. § 924(c)(1). *United States v. Vance*, 2:97-CR-00625-AB (E.D. Pa.) ("the Trial Court").

The Court also stated that when the Trial Court imposed Vance's 192-month sentence, it made a downward departure from the United States Sentencing Guidelines ("USSG") pursuant to 18 U.S.C. § 3553(e), based on the United States' motion under USSG § 5K1.1. *See* [D. E. No. 4, p. 2].[1] Vance now objects to the reference to the downward departure, claiming that it improperly reveals that he ". . . cooperated and received a downward departure for this cooperation." [D. E. No. 6].

Vance states that because the Bureau of Prisons now uses an electronic legal research system, other federal inmates can now electronically review court orders and opinions downloaded into the system. He alleges that although he is not in immediate or imminent physical danger, he has been "ridiculed and ostracized," by unspecified persons, but presumably by other inmates. *Id.*, pp. 1-2. Vance asks the Court to seal this proceeding until December 31, 2016.

---

[1] The Court denied the § 2241 petition because Vance had not demonstrated that his remedy under 28 U.S.C. § 2255, in the Trial Court, had been inadequate and infective to challenge his federal detention and because Vance had not demonstrated that he was actually innocent of the criminal charges of which he had been convicted. *See id.*, pp. 7-12.

2

## DISCUSSION

For several reasons, Vance has not set forth grounds which would justify sealing this record from public access. First, in the Opinion and Order, this Court referred to the § 5K1.1 downward departure in Vance's sentence in exactly the same manner as the United States referred to it in not one, but two, memoranda it filed of public record in the Trial Court. *See* "United States' Opposition to Defendant's Motion to Modify term of Imprisonment," January 21, 2005, Trial Court Record, [D. E. No. 106, p. 3] (stating "This was a downward departure upon the United States' motion under section 5K1.1 and under 18 U.S.C. § 3553(e)."); and "United States' Motion to Dismiss Defendant's Motion to Correct Improper Sentence Determination for Improper Venue," December 28, 2009, Trial Court Record, [D. E. No. 152, p. 3] (same statement).

Those two memoranda are as electronically accessible as the Opinion and Order filed in this proceeding. Vance has not, however, filed a similar motion to seal the Trial Court proceeding based on the fact that the United States specifically referred to the § 5K1.1 downward departure in the memoranda it filed in that case.

Second, "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents...." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). *See also*

*Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177-79 (6th Cir. 1983). The right to inspect and copy judicial records is not absolute, and the court has supervisory power over its own records and files. *Nixon*, 435 U.S. at 598. Access has been denied where the court files could become a vehicle for improper purposes, such as disclosure of the gory details of a divorce case. *Id.* The principles compelling access to records of criminal proceedings apply as well to civil proceedings. *Id.* at 1178-79. The desire to shield prejudicial information contained in judicial records from the public "cannot be accommodated by courts without seriously undermining the tradition of an open judicial system." *Id.* at 1180.

While access to judicial records is not absolute, a district court's discretion to seal the record of a proceeding "'is to be exercised charily.'" *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (quoting *Federal Savs. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)). Public access to judicial records "'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'" *Id.* at 849 (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)).

In this case, Vance admits that he is not under imminent danger based on the mere mention of the downward departure in the Opinion and Order. He alleges only

that he has been "ridiculed and ostracized" by unidentified persons. However, simply showing that the information could, or would, harm the reputation of a litigant "is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *Brown & Williamson*, 710 F.2d at 1179.

Third, neither the Opinion and Order, nor the Government's two memoranda filed in the Trial Court, used the term "substantial assistance" or disclosed the underlying facts supporting the downward departure. Even assuming the issue at hand were the disclosure of the actual § 5K1.1 sentencing documents, courts have held that a § 5K1.1 sentencing memorandum, filed pursuant to the sentencing guideline for providing substantial assistance to authorities, is a "judicial document," and as such falls under the presumption of openness that attaches to such documents. *See United States v. Chang*, 47 F. App'x. 119, 122-23 (3rd Cir. 2002).

Courts have also concluded that where the Government's investigation is no longer ongoing, the need for maintaining § 5K1.1 sentencing documents under seal to protect the investigation no longer exists. *See United States v. Hirsh*, No. 2:03cr00058, 2007 WL 1810703 (E.D. Pa. June 22, 2007). As Vance was convicted over thirteen years ago, any concern about protecting him with respect to an ongoing criminal investigation would be non-existent.

For the reasons set forth above, the Court will deny Vance's motion to seal this

record until December 31, 2016.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that petitioner Rick Vance's "Motion to Seal" this proceeding, [D. E. No. 6], is **DENIED**.

This August 25, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge